Fee Paid
S1
13

1  Richard H. Morton
   Kevin J. Ryan
2  Montgomery McCracken Walker & Rhoads LLP
   220 West Gay St.
3  West Chester, PA 19380
   Telephone: 610/350-3150
4  Facsimile: 610/430-8718

FILED

ADR

2008 MAR 26  P 2: 27

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

5  Attorneys for Plaintiffs,
   William and Joan Wilson
6  (subject to admission, *pro hoc vice*)  E-FILING

7  DAVID S. LEVIN (Bar No. 156336)
   LEVIN LAW FIRM
8  405 Sherman Avenue
   Palo Alto, California 94306-1827
9  Telephone: 650/858-8500
   Facsimile: 650/858-8508
10

11  Attorneys for Plaintiffs,
    William and Joan Wilson

12                    UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14

15  WILLIAM AND JOAN WILSON            Case No. C08 01634 RS

16                    Plaintiffs,
17      v.                            **COMPLAINT FOR REFUND OF
                                      PERSONAL INCOME TAXES PAID**
18

19  UNITED STATES OF AMERICA

20

21                    Defendant.

22

23      COME NOW Plaintiffs WILLIAM WILSON and JOAN W. WILSON by and

24  through counsel, and for their Complaint allege as follows:

25

26      1.    This is a civil action brought by Plaintiffs for the purpose of obtaining a refund

27  of income taxes improperly seized by the Internal Revenue Service on or about March

28  29, 2006.

Complaint for Refund

## JURISDICTION AND VENUE

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§1340 and 26 U.S.C. §7402.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1396.

## THE PARTIES

4.    Plaintiffs are WILLIAM WILSON and JOAN WILSON (collectively "Plaintiffs"), who reside at 101 Miramonte Avenue, Palo Alto, California 94306.

## CLAIM FOR RELIEF

5.    William Wilson filed timely tax returns for calendar year 1975 and Plaintiffs filed timely tax returns for calendar years 1999 and 2002.

6.    The Internal Revenue Service ("IRS") challenged William Wilson's tax returns for each of the aforesaid years (as well as for other years not currently at issue) and assessed additional taxes, interest and penalties for each of these years.

7.    On or about March 29, 2006, the IRS wrongfully seized the entire proceeds of the sale of real property located in the State of California and owned by Plaintiffs (the "seizure"), the seized amount being $ 505, 608.12 ("seized amount"), as reflected in the 3641 Letter attached as Exhibit A, and based upon alleged tax liabilities for calendar years 1975, 1999 and 2002.

8.    The seizure should not have occurred for several reasons, including:

a) The IRS had not properly filed a lien in the State of California for the sums claimed under the 1975 tax year prior to seizure of the stated amount;

b) The IRS improperly executed on the sale proceeds during the 30 day appeal period for certain of the other liens;

c) The IRS improperly and unlawfully seized assets of Plaintiff Joan Wilson (by virtue of an antenuptial agreement with her husband) for claims on which it only had recourse against Plaintiff William B. Wilson;

d) Plaintiffs had additional defenses with regards to the individual tax years on which the seizure was based, as set forth below.

Complaint for Refund

**1975**

9.      Of the seized amount, $ 384,797 was attributed to tax year 1975.

10.     Plaintiff William Wilson was unmarried in 1975 and filed a single return that year.

11.     Plaintiff William Wilson and the IRS had an on-going dispute with regards to William Wilson's tax returns for 1975, 1977, 1978, and 1979, said dispute concerning the timing of certain partnership losses experienced by William Wilson during those years.

12.     After many years of litigation, and following the Tax Court's Pearlstein opinion in 1989, the IRS conceded that its original position with regards to the aforesaid tax years for William Wilson was incorrect.

13.     In 1996 the IRS and William Wilson entered into a stipulated Order with regards to the 1975 tax year, said stipulation attached as Exhibit B.

14.     William Wilson's liability with regards to the 1975 tax year was satisfied in full, along with his liability for 1977 and 1978, by agreement with IRS Officer Thaddeus Madden in 1998, at which time William Wilson's payment was received in full satisfaction of all tax liabilities associated with tax year 1975.

15.     The Tax Court stipulation of 1996 established the amount due for tax year 1975 (all of which was paid in 1998); and in any event William Wilson was and is entitled to an abatement of any interest and penalties for tax year 1975, in that the delay in resolving the 1975 tax year was the fault of the IRS in pursuing an incorrect and improper theory of liability against William Wilson, and in then delaying in resolution of that tax year when its error was conceded.

16.     William Wilson owed nothing for tax year 1975 prior to the seizure and any seizure related to that tax year was improper; it was further improper with regards to property owned separately by Plaintiff Joan Wilson by virtue of a valid antenuptial agreement with her husband.

Complaint for Refund

**1999**

17.    Of the seized amount $ 82,181 was related to an assessment of penalties and interest for tax year 1999.

18.    Plaintiffs mailed their tax payments in three checks to the IRS for the 1999 tax year on April 13, 2000.

19.    Plaintiffs also filed a timely request for extension for the 1999 tax year.

20.    Timely receipt of the checks by the IRS was proven by the fact that it negotiated one of the three checks on April 15, 2000.

21.    For unexplained reasons, the IRS did not negotiate the other two checks until eight days later.

22.    The IRS ignored the timely extension filing and the timely payments and assessed a late filing penalty of $ 43,706, to which interest and additional penalties have been added.

23.    Plaintiffs owed nothing for tax year 1999 prior to the seizure and accordingly no seizure should have occurred with regards to that tax year.

**2002**

24.    Of the seized amount $ 56,628 was attributed to tax year 2002.

25.    Plaintiffs made timely payment on their tax liability for tax year 2002 by, inter alia, payment of a check in the amount of $ 57,994.00.

26.    Said check was wrongfully returned by the IRS to Plaintiffs when in fact there were sufficient funds in Plaintiffs' account to cover said check; the IRS subsequently negotiated a new check in the same amount drawn on the same account.

27.    Due to the returned check the IRS wrongfully assessed a late filing penalty against plaintiffs with associated interest, even while it abated the bad check charge assessed against Plaintiffs.

28.    The IRS further erred in calculating an additional $ 30,063.00 in taxes due from Plaintiffs for calendar year 2002 when in fact no additional amount was due.

Complaint for Refund

29.    Plaintiffs paid the entire amount due and owing for tax year 2002 prior to the seizure and accordingly no seizure should have occurred with regards to that tax year.

30.    By letter of April 13, 2006 (with regards to tax year 1975) and by formal Claims for Refund of July 20, 2006 (with regards to tax years 1999 and 2002) Plaintiffs demanded a refund of the improperly seized sums.

31.    Notwithstanding Plaintiffs repeated demands for a return of the seized funds, the IRS has refused to refund any portion of the seized amount.

32.    Plaintiffs have attempted to resolve all of the aforesaid issues with the IRS prior to filing this action, and has in fact have exhausted all of their administrative remedies.

**WHEREFORE,** Plaintiffs respectfully request judgment against the United States in the amount of $505, 608.12 plus interest together with costs and attorney's fees incurred in connection with this action, and such further relief as the Court deems just and proper.

Date:  March 25, 2008

LEVIN LAW FIRM

By David S. Levin

Attorneys for William and Joan Wilson

Complaint for Refund

APR-25-2006  09:58        6TH FL COLLECTION                          408 817 6418    P.02

**Internal Revenue Service**                                    Department of the Treasury

Date:
March 29, 2006

Payoff Number:
7106 2285056(DK)
Person to Contact:
A. Foster
Employee Identification Number:
77-02070
Telephone Number:
(408) 817-6427
Taxpayer Identification Number:
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

Cornerstone Title Company
File#71062285056(DK)
800 El Camino Real, Ste. 300
Menlo Park, CA 94025

Notice(s) of Federal Tax Lien was/were filed in Prothonotary Co, PA, Santa Clara Co, CA (County(s)/State) for the tax liability listed below on William B & Joan W Wilson, Po Box 61177, Palo Alto, CA 94306-6177.

| Type of Tax | MFT | Tax Period | Name Control | Unpaid Balance | Statutory Additions to: 04/30/2006 | | Total |
|---|---|---|---|---|---|---|---|
| | | | | | Penalty | Interest | |
| 1040 | 31 | 12/31/1975 | WILS | $194,850.21 | $2,760.40 | $187,186.88 | $384,797.( |
| 1040 | 30 | 12/31/1999 | WILS | $46,162.02 | | $16,019.79 | $62,181.81 ( |
| 1040 | 30 | 12/31/2002 | WILS | $44,907.61 | $6,764.18 | $6,957.03 | $58,628.82 ( |

The amount needed to release the lien(s) is $505,606.12. A Certificate of Release of Federal Tax Lien will be issued immediately only if payment is made by 04/30/2006 using one of the following methods of payment:

1. Cash; or
2. Certified or cashier's check; or
3. Treasurer's check drawn on a national / state bank or trust company; or
4. Postal or bank money order.

Please make your check or money order payable to the United States Treasury. So that we can properly apply your payment, send your payment with a copy of this letter to:

Internal Revenue Service
55 South Market Street, Ste. 610, M/S: HO6117
San Jose, CA 95113

If the payment is made in any other form, the release will be delayed for 15 days or until evidence is furnished that the funds have been transferred.

If you should have any questions, please contact the person whose name and telephone number appears at the top of this letter.

Sincerely,

A. Foster

Letter 3641 (5-2005)
Catalog Number: 35217J

TOTAL P.02

TAXPAYER'S COPY

P.05

## UNITED STATES TAX COURT

WILLIAM B. WILSON,                    )
                                      )
                    Petitioner,       )
                                      )
         v.                           )        Docket No. 13094-79
                                      )
COMMISSIONER OF INTERNAL REVENUE,     )        CD-EMC Equipment Leasing
                                      )        Judge Swift
                    Respondent.       )

## DECISION

Pursuant to the stipulation of the parties filed in the above-entitled case, and incorporating herein the facts stipulated by the parties as the findings of the Court, it is

ORDERED AND DECIDED: That there is a deficiency in income tax due from the petitioner for the taxable year ▮▮▮ in the amount of $34,505.00.    PAID 4/16/98                    1975


                                   Judge.

Entered:



        *        *        *        *        *


It is hereby stipulated that the Court may enter the foregoing decision in the above-entitled case in accordance with the stipulation of the parties submitted herewith.

**ROBERT J. HOLTZ**                     ATTORNEY AT LAW • CERTIFIED PUBLIC ACCOUNTANT

1608 WALNUT STREET, SUITE 801                                    410 GREAT SPRINGS ROAD
PHILADELPHIA, PA 19103                                              BRYN MAWR, PA 19010
PHONE (215) 735-0300                                               PHONE (610) 525-4342
FAX (215) 735-2004


                              May 24, 1996


David Williams, Esq.
Internal Revenue Service
District Counsel
7 World Trade Center, 24th Floor
New York, NY  10048


        Re:  Wilson v. Commissioner
             Docket Nos. 13094-79, 668-87, 812-87, 842-87


Dear Mr. Williams:


     As we discussed, I have executed and am enclosing the original
and three copies of the Decision documents and Stipulations in the
above-referenced cases, agreeing to the following deficiencies
(overpayments):

                    1975          $ 34,505
                    1976               175
                    1977             6,819
                    1978             7,673
                    1979            (5,912)

                    Total         $ 43,260

     Assuming the settlement is approved, I will appreciate your
filing these documents with the Tax Court and returning one copy to
me after it has been signed on behalf of the IRS.

     Incidentally, would you please change your records to reflect
my new Philadelphia address and fax number as shown above.  Thank
you very much.


                         Sincerely yours,



                         Robert J. Holtz


cc (with enclosures):  William B. Wilson

JS 44 (Rev. 13/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
William and Joan Wilson

## DEFENDANTS
United States of America

**(b)** County of Residence of First Listed Plaintiff  Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Levin Law Firm
405 Sherman Ave
Palo Alto, CA 94306
650/858-8500

ADR

Attorneys (If Known)

C08 01634 RS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

E-FILING

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury— Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities – Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
**Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus – Alien Detainee
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [x] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. sec. 7402
Brief description of cause:
Complaint for Tax Refund

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 505,608
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [x] SAN JOSE

DATE
March 25, 2008

SIGNATURE OF ATTORNEY OF RECORD