JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Chief, Tax Division
DAVID L. DENIER (CSBN 95024)
Assistant United States Attorney
 9th Floor Federal Building
  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone:   (415) 436-6888
  Fax:         (415) 436-6748

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| WILLIAM and JOAN WILSON, | ) | No. C-08-01634-RS |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | **ANSWER OF THE UNITED STATES OF AMERICA** |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | **DEFENDANT UNITED STATES DEMANDS A JURY TRIAL** |

COMES NOW the defendant United States of America, by and through its counsel of record, Joseph P. Russoniello, United States Attorney for the Northern District of California, Thomas Moore, Assistant United States Attorney, Chief, Tax Division, and David L. Denier, Assistant United States Attorney, and for its answer to plaintiff's complaint, admits, denies and alleges as follows:

Denies each and every allegation of such complaint not admitted, qualified or otherwise specifically referred to below:

Furthering answering, defendant United States of America, says that:

1. Admits the allegations contained in paragraph 1 of the complaint, except denies that the payments for taxes were unlawfully seized.

## JURISDICTION AND VENUE

2. Denies that this Court has subject matter jurisdiction over plaintiffs' claim with respect to the 1975 tax year; alleges that the United States Tax Court has exclusive jurisdiction

**Answer Of The United States of America**
**(No. C-08-01634-RS)**                              1

over this claim. Denies that this Court has subject matter jurisdiction over plaintiffs' claims with respect to the 1999 and 2002 tax years for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof; alleges that plaintiffs have not attached copies of the claims for refund alleged to have been filed.

3.    Admits the allegations contained in paragraph 3 of the complaint.

## THE PARTIES

4.    Admits the allegations contained in paragraph 4 of the complaint.

## CLAIM FOR RELIEF

5.    Denies that plaintiffs timely filed tax returns as alleged in paragraph 5 of the complaint. Alleges that the 1975 tax return was received by the IRS on October 18, 1976; that the 1999 tax return was received by the IRS on January 30, 2001, and that the 2002 tax return was received by the IRS on June 30, 2003.

6.    Admits that the IRS determined an income tax deficiency for the 1975 tax year. Denies that the IRS challenged the income tax reported on the 1999 or the 2002 income tax returns filed by plaintiffs. Denies that the IRS assessed additional income taxes for 1999 or 2002. Alleges that the IRS assessed penalties and interest with respect to the 1999 tax year, but the IRS since reversed those assessments and returned the seized funds (plus interest). Alleges that the IRS assessed an income tax liability for 2002 in accordance with the income tax return that was filed by plaintiffs and that plaintiffs underpaid that liability triggering penalties and interest that were assessed.

7.    Admits that the IRS issued a demand for payment and received some of the proceeds from the sale of a real property belonging to plaintiffs on or about March 26, 2006. Admits that the amount received was $505,608.12. Admits that the funds were applied to liabilities for 1975, 1999 and 2002. Denies that the IRS seized funds wrongfully.

8.    Denies that receipt of funds from the sale of the real property should not have occurred.

a)    Admits that the IRS had not filed a Notice of Federal Tax Lien in California for the unpaid 1975 liabilities. Alleges that the failure to file a Notice of Lien of Federal Tax Lien

1 was not improper and that the federal tax lien still attached to the proceeds of the sale.

2      b)     Denies that the IRS execution on the sale proceeds was improper.

3      c)     Denies that the IRS's receipt of the funds was improper. Denies the allegation that the IRS only had recourse against plaintiff William Wilson with respect to all of funds. Denies the allegations that plaintiff Joan Wilson had claims against the property by virtue of an antenuptial agreement with plaintiff William Wilson for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

     d).     Denies the allegations in subparagraph d) for the reason that the United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

     9.     Admits the allegations contained in paragraph 9 of the complaint.

     10.     Admits the allegations contained in paragraph 10 of the complaint.

     11.     Admits that the IRS determined a deficiency in income tax for 1975 as well as other years and that at least one petition was filed by plaintiff William Wilson with the United States Tax Court contesting the deficiency determined by the IRS with respect to 1975.

     12.     Denies that the IRS conceded its original position with regards to the tax years reference in paragraph 11 was incorrect. Alleges that the parties reached a settlement of outstanding tax liabilities.

     13.     Admits that plaintiff William Wilson and the IRS stipulated to a decision with respect to the 1975 tax year. Denies that the document attached as Exhibit B is the entire stipulation and decision. Denies that the document attached as Exhibit B is part of the stipulation and decision for the reason that defendant United States of America presently lacks knowledge and information sufficient to form a belief as to the truth thereof.

     14.     Denies the allegations contained in paragraph 14 of the complaint.

     15.     Denies the allegations contained in paragraph 15 of the complaint.

     16.     Denies the allegations contained in paragraph 16 of the complaint.

     17.     Denies the allegations contained in paragraph 17 of the complaint. Alleges that

1  $62,146.05 of the real property sale proceeds were posted as a payment against the 1999
2  liabilities.
3      18.    Denies the allegations contained in paragraph 18 of the complaint for the reason
4  that defendant United States of America presently lacks knowledge or information sufficient to
5  form a belief as to the truth thereof.  Alleges that all penalty and interest assessments for the 1999
6  tax year were reversed and that plaintiffs received a refund, plus interest, of the sale proceeds
7  applied to the 1999 liabilities.
8      19.    Admits that plaintiffs filed a timely request for an extension, but denies that the
9  return was timely filed.  Alleges that the plaintiffs' 1999 income tax return was not received by
10 the IRS until January 30, 2001.
11     20.    Admits that the IRS received one of the checks by April 15, 2000.  Denies that
12 other checks were also received by April 15, 2000, for the reason that defendant United States of
13 America presently lacks knowledge or information sufficient to form a belief as to the truth of the
14 allegations.  Alleges that the IRS has already credited plaintiffs' 1999 account for the amounts of
15 the payments, reversed the penalty and interest assessments, and refunded the money to the
16 plaintiffs.
17     21.    Admits that the IRS did not negotiate all of the checks as of April 15, 2000.
18 Denies that the IRS timely received all of the checks for the reason that defendant United States
19 of America presently lacks knowledge or information sufficient to form a belief as to the truth of
20 the allegations.
21     22.    Admits that the IRS assessed a failure to file penalty for 1999 of $43,725.80, plus
22 interest, and that additional penalties were added.  Denies that the IRS ignored the extension.
23 Alleges that the issue is moot because the IRS reversed the penalty and interest assessments for
24 1999 and refunded the full amount paid (with interest) in 2007.
25     23.    Admits the allegations contained in paragraph 23 of the complaint.
26     24.    Denies the allegations contained in paragraph 24 of the complaint.  Alleges that an
27 amount of $58,598.99 was posted to the account for the 2002 tax year.
28 ///

25. Denies that the payment of $57,994 for the 2002 tax year was timely for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

26. Admits that a payment of $57,994 was posted to the 2002 account on June 30, 2003, the same date the IRS received the plaintiffs' 2002 income tax return. Denies the remaining allegations contained in paragraph 26 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

27. Denies that the assessment of a failure to file penalty for 2002 was wrongful. Admits that the IRS assessed and then reversed a bad check penalty for 2002. Denies the remaining allegations contained in paragraph 27 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

28. Denies that the IRS determined an additional $30,063 in taxes was due for the 2002 tax year. Alleges that the full amount of taxes due per the 2002 return was $88,057 of which $30,063 remained unpaid when the IRS posted a payment of $57,994.

29. Denies the allegations contained in paragraph 29 of the complaint.

30. Denies that plaintiffs submitted claims for refunds for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Denies that the amounts were improperly seized with respect to the 1975 and 2002 tax years.

31. Denies the allegations contained in paragraph 31 of the complaint. Admits that the IRS has not refunded amounts for the 1975 and 2002 tax years. Alleges the IRS refunded the entire amount requested for the 1999 tax year in 2007.

32. Denies that the plaintiffs have exhausted all their administrative remedies for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

///

**WHEREFORE**, having fully answered each and every allegation contained in plaintiffs' complaint, defendant United States of America prays that:

1. Plaintiffs take nothing by their complaint;
2. Plaintiffs' complaint and action be dismissed with prejudice;
3. The United States be awarded its costs in suit; and
4. The Court grant such other and further relief as it deems just and equitable in the premises.

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ David L. Denier
DAVID L. DENIER
Assistant United States Attorney
Tax Division

Defendant United States of America demands trial by jury on all triable issues.

**Answer Of The United States of America**
**(No. C-08-01634-RS)**

6